IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CLARE DOLL CHASE,<br><br>             Plaintiff,<br><br>vs.<br><br>CEDAR CITY CORPORATION, et al.,<br><br>             Defendants. | ORDER & MEMORANDUM DECISION<br><br><br><br>Case No. 2:05CV293 TC |

This matter is before the court on the motion to dismiss submitted by Defendants Cedar City Corporation, Cedar City Chief of Police Robert D. Allinson, and Cedar City Peace Officer Allen Harwood (collectively "Defendants").  Plaintiff Clare Doll Chase filed this action asserting violations of her constitutional rights, a claim under the Americans with Disabilities Act and claims under state law for intentional infliction of emotional distress, malicious prosecution, and trespass.

The facts giving rise to this action involve the arrest of Ms. Chase by Officer Harwood on May 7, 2002, and her subsequent prosecution.  All criminal charges against Ms. Chase were dismissed on December 4, 2003.  Defendants have moved to dismiss Ms. Chase's state law claims on two grounds: (1) that as a governmental entity and governmental employees, they are immune from suit under the Utah Governmental Immunity Act (UGIA); and (2) that Ms. Chase is procedurally barred from initiating this suit for failure to properly file a Notice of Claim as required by the UGIA.

This matter was set for hearing on June 14, 2005. The court having fully considered the motion and all related filings, finds that a hearing would not materially assist in the disposition of this motion and now enters the following Order.

1.   In order to determine whether a governmental entity is immune from suit under the UGIA, the court asks: (1) whether the activity undertaken is a governmental function; (2) whether governmental immunity was waived for the particular activity; and (3) whether there is an exception to that waiver. Taylor v. Ogden City Sch. Dist., 927 P.2d 159, 162 (Utah 1996); Blackner v. State Dept. of Transp., 48 P.3d 949, 951 (Utah 2002).

> A.   It is undisputed that Cedar City Corporation is a governmental entity and that Officers Allinson and Harwood are employees of that governmental entity. Additionally, it is not disputed that Officer Harwood was performing a governmental function in arresting Ms. Chase and thereby initiating her criminal prosecution.
>
> B.   The UGIA does not explicitly provide a waiver of immunity for intentional torts committed by governmental actors. The waiver of immunity most applicable to the allegations in this case is the waiver for negligence which provides: "Immunity from suit of each governmental entity is waived as to any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment." U.C.A. § 63-30d-301(4). Ms. Chase has not directed the court to a more applicable waiver.
>
> C.   Despite the silence of the UGIA regarding a waiver of immunity for intentional torts, the court notes that even if the negligence waiver of the UGIA applies to Ms. Chase's claims generally, they are specifically prohibited by the exceptions to that waiver. The statute provides that immunity is not waived under U.C.A. § 63-30d-301(4)

"if the injury arises out of, in connection with, or results from" malicious prosecution, intentional trespass, or infliction of mental anguish. U.C.A. §§ 63-30d-301(4) & 63-30d-301(5)(b).

2.      Absent an applicable waiver of immunity without prohibitive exceptions, Defendants are immune from suit on Ms. Chase's claims for intentional infliction of emotional distress, malicious prosecution, and trespass. The court need not reach the question of whether Ms. Chase is procedurally barred from pursuing this lawsuit.

**ORDER**

For the reasons set forth above, Defendants' motion to dismiss is GRANTED.

SO ORDERED this 9th day of June, 2005.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
United States District Judge